and expressed the opinion that he was intoxicated.

The State showed by a number of witnesses, who had observed the appellant driving just prior to the accident, that he was crossing back and forth across the center stripe and was holding his head in his left hand.

The appellant, testifying in his own behalf, admitted drinking five beers on the day in question and not having had anything to eat for approximately 28 hours prior to the collision. His explanation of the wreck was that the automobile which he was meeting, with which he collided and in which the deceased was riding, blinked its direction signals and that he thought it was going to turn, and that when he realized it was not going to turn he turned loose of the steering wheel and did not know where his automobile went but that he did not purposely drive into his left lane of the highway. He stated that when he regained consciousness he was in a. hospital in San Antonio.

The appellant called the witness Herron, who stated that he was following the appellant shortly before the collision, did not observe the appellant cross the center stripe, and expressed the opinion that the collision had occurred in the center of the highway.

The jury resolved such disputed issues as there were against the appellant, and we find the evidence sufficient to support the conviction.

■ We shall discuss the contentions raised in the appellant's brief. He contends that it was incumbent upon the State to call as witnesses the remaining occupants of the automobile with which the appellant collided. Such contention is predicated upon the assumption that the State's case was based on circumstantial evidence. With this, we do not agree. There was ample direct. evidence that the appellant was the driver of the automobile, was intoxicated,

and that death resulted from his unlawful act.

■ Appellant next complains of a comment of the court. The appellant had questioned Highway Patrolman Spellman about what would have been the appellant's safest course to have followed had he found himself in the predicament about which the appellant testified. The court sustained the State's objection and said, "Gentlemen, we are not going into contributory negligence. We don't have that in this at all. The objection will be sustained."

We find no objection interposed to this comment, and therefore nothing is presented for review.

■ Appellant's last contention is that the State committed fundamental error by proving the taking of the blood test by the highway patrolman and not calling the attending physician. We. are cited no authority in support of such contention and know of none.

The judgment is affirmed.

**Phillip HARRISON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 28718.**

Court of Criminal Appeals of Texas.

Jan. 23, 1957.

James E. Faulkner, Coldspring, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

**816**

BELCHER, Commissioner.

Appellant was convicted under the provisions of Art. 483, Vernon's Ann.P.C., which make it unlawful for one to carry on or about his person a "knife manufactured or sold for the purposes of offense or defense" and assessed punishment at a fine of $200.

The same question is raised here as in Harrison v. State, Tex.Cr.App., 297 S.W.2d 823, contrary to appellant's contention.

The judgment is affirmed.

Opinion approved by the court.